Per Curiam.
This was a scire facias on a judgment, on which judgment was entered by default the first term, without a rule to plead. This is contended to be an error. The defendant’s attorney says, that he appeared to the scire facias, and was therefore entitled to a rule to plead before judgment could be entered against him. On the other hand, the plaintiff alleges that there was no appearance; and on that point the cause turns. The only evidence of an appearance, is the entry of the name of an attorney (Fisher) on the margin of the docket. According to the practice in some courts, this might be sufficient, but we have ascertained, that it is not so, in Mifflin county. It is there required, (and we think it a very prudent regulation,) that an entry of the appearance should be made on the docket. This was not done in the present instance, and therefore the judgment by default (for non-appearance) was regular. It is the opinion of the court that the judgment should be affirmed.
Judgment affirmed*